**Gary ASHER, Appellant,**

v.

**George LOMBARDI, Director, Division of Adult Institutions, Respondent.**

**No. 76330.**

Supreme Court of Missouri,
En Banc.

June 21, 1994.

---

Robin E. Fulton, Fredericktown, for appellant.

Judy P. Draper, Karolin Solorzano, Missouri Dept. of Corrections, Jefferson City, for respondent.

BENTON, Judge.

Gary Asher was employed by the Division of Adult Institutions as a corrections officer. On March 27, 1992, Asher filed as a Republican candidate for sheriff of Madison County. On April 3, 1992, Asher informed his supervisor of his candidacy. The supervisor offered to accept Asher's resignation or an application for leave of absence. Asher declined both options and was later dismissed effective May 13, 1992, for "partisan political activity." Finding these facts, the Personnel Advisory Board upheld his dismissal; the circuit court affirmed. Since Asher challenges the constitutionality of a statute, this Court has jurisdiction. *Mo. const. art. V., section 3.* Affirmed.

## I.

The Missouri Constitution requires a merit system for all employees of penal institutions. *Mo. const. art. IV, section 19.* To implement this mandate, the General Assembly enacted chapter 36 of the revised statutes. *Mo. Laws 1945, pp. 1157–1182.*

 Approving Asher's dismissal, the Personnel Advisory Board relied on § 36.150.5 RSMo 1986:

> No employee selected under the provisions of this law shall be a member of any national, state, or local committee of a political party, or an officer of a partisan political club. He shall take no part in the management or affairs of any political party or in any partisan political campaign. No such employee shall be a candidate for

nomination or election to any partisan political office or nonpartisan office in conflict with his duties except he resign, or obtain a regularly granted leave of absence, from his position.

Asher claims the Board misinterpreted the last sentence of the statute, because the phrase "in conflict with his duties" should modify both "partisan political office" and "nonpartisan office." Asher therefore believes the statute allows him to seek partisan office if not in conflict with his duties.

Asher's interpretation lacks merit. First, the initial two sentences of § 36.150.5 prohibit virtually all active partisan politics. It is inconsistent then to read the last sentence to permit the most active political role: candidacy for partisan office. Second, the General Assembly would not distinguish "partisan political office" from "nonpartisan office" if it intended identical treatment. *Compare § 36.150.5 RSMo 1978 with § 36.150.5 RSMo 1986.* The phrase "in conflict with his duties" modifies only "nonpartisan office." Asher sought partisan office; his dismissal is valid under the statute.

## II.

■ Asher next contends that § 36.150.5 RSMo 1986 violates article I, section 2 of the Missouri Constitution:

... that all persons have a natural right to life, liberty, the pursuit of happiness and the enjoyment of the gains of their own industry; that all persons are created equal and are entitled to equal rights and opportunity under the law; ...

Asher claims his dismissal restricts his opportunity to participate equally in the political process.

■ Under traditional equal protection analysis, a classification survives if rationally related to a legitimate state interest. *Blaske v. Smith & Entzeroth, Inc.,* 821 S.W.2d 822,

829 (Mo. banc 1991). This traditional test does not apply when the statute burdens a suspect class or impinges a fundamental right. *Id.*

■ Asher does not even reference a suspect classification. The state's interest in regulating the conduct and speech of its employees as a class differs significantly from its interest in regulating such activities by the general public. *Pollard v. Board of Police Commissioners,* 665 S.W.2d 333, 339 (Mo. banc 1984); *United States Civil Service Commission v. National Association of Letter Carriers,* 413 U.S. 548, 564, 93 S.Ct. 2880, 2890, 37 L.Ed.2d 796 (1973).

■ Despite Asher's claim to the contrary, the right to run for office is not a "fundamental right." *Clements v. Fashing,* 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982); *State ex. inf. McKittrick v. Kirby,* 163 S.W.2d 990, 995 (Mo. banc 1942).[1] Thus traditional equal protection analysis applies; the state may restrict the political conduct of its employees by § 36.150.5 RSMo 1986 if such restrictions serve a valid and rational state interest. *Pollard,* 665 S.W.2d at 339; *Broadrick v. Oklahoma,* 413 U.S. 601, 606, 93 S.Ct. 2908, 2912, 37 L.Ed.2d 830 (1973).

The General Assembly must balance the interests of employees in exercising first amendment rights, with the interests of the government as an employer. *Pollard,* 665 S.W.2d at 339; *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968). The state has a legitimate interest in maintaining public confidence in an impartial civil service removed from partisan political pressures. *See McKittrick,* 163 S.W.2d at 996; *Mo. const. art. IV, section 19.* The General Assembly's classification has a rational basis.

Restricting political activity of public employees has long been approved by this and other courts.[2] This Court previously held

---

1. In this context, there is no reason to read Missouri's equal protection clause differently from the United States Constitution's. *See Blaske,* 821 S.W.2d at 829.

2. *Deeds v. Lindsey,* 179 W.Va. 674, 371 S.E.2d 602, 607 (1988); *In re Randolph,* 101 N.J. 425, 502 A.2d 533, 537 (1986); *State ex rel. Harkleroad v. New Mexico State Police Board,* 103 N.M. 270, 705 P.2d 676, 677 (1985); *City of Huntsville*

that restricting ministerial public employees from running for office or participating in other political activities does not violate equal protection. *McKittrick,* 163 S.W.2d at 994–96. More recently, this Court upheld a ban on political contributions by police officers and reiterated that such restrictions do not violate equal protection. *Pollard,* 665 S.W.2d at 342. Asher fails to justify abandoning fifty years of precedent.

The judgment of the circuit court is affirmed.

All concur.

*v. Certain,* 453 So.2d 715, 719 (Ala.1984); *United States Civil Service Commission v. National Association of Letter Carriers,* 413 U.S. 548, 564, 93 S.Ct. 2880, 2890, 37 L.Ed.2d 796 (1973); *Broadrick v.* *Oklahoma,* 413 U.S. 601, 606, 93 S.Ct. 2908, 2912, 37 L.Ed.2d 830 (1973). *But see Oregon State Police Officers Association v. State,* 308 Or. 531, 783 P.2d 7, 9 (1989).